IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PEDRO RIVERA TOVAR | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-2145-R |
| | § | |
| GARLAND CITY POLICE CHIEF | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court.  The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* prisoner civil rights action brought by Plaintiff Pedro Rivera Tovar, an inmate in the Dallas County Jail, against the police chief of Garland, Texas.  On November 1, 2005, plaintiff tendered a complaint to the district clerk and filed an application for leave to proceed *in forma pauperis*.  However, he did not submit a certificate of inmate trust account as required by 28 U.S.C. § 1915(a)(2).[1]  By order dated November 23, 2005, plaintiff was directed to correct this

---

[1] This statute provides, in pertinent part:

> A prisoner seeking to bring a civil action . . . without prepayment of fees or security therefor, in addition to filing the affidavit [for leave to proceed *in forma pauperis*], shall submit a certified copy of the trust account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a)(2).

deficiency within 20 days. He failed to do so. On December 23, 2005, plaintiff was warned that the failure to submit a trust account certificate within 20 days "may result in the imposition of sanctions, including dismissal of this action for want of prosecution." *See* ORDER, 12/12/03. To date, plaintiff has not submitted a certificate of inmate trust account. The court now determines that this case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

II.

A district court has authority to dismiss a case for want of prosecution or failure to comply with a court order. FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985), *citing Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.*; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

Plaintiff was fully aware of his responsibility to submit a certificate of his inmate trust account. He received two court orders requiring him to submit this certificate by a date certain. Plaintiff was told that the failure to comply "may result in the imposition of sanctions, including dismissal of this action for want of prosecution." Despite these repeated warnings, plaintiff still has not submitted a certified copy of his trust account statement. Without this information, the court cannot rule on plaintiff's application for leave to proceed *in forma pauperis* and this case cannot proceed. Dismissal is clearly warranted under these circumstances.

**RECOMMENDATION**

Plaintiff's complaint should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 20, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE